IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HELEN MOODY and CATHERINE KEATON, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:07cv318-A |
| LOWE'S HOME CENTERS, INC., ALLSTATE INSURANCE COMPANY, and SHAWN DEE THORNTON, ) ) ) ) ) ) | |
| Defendants. ) | |

## ANSWER

COMES NOW Defendant Lowe's Home Centers, Inc., and by way of Answer to the Plaintiffs' Complaint states as follows:

1.　This Defendant is without sufficient information to admit or deny the allegations of paragraph 1 of the Plaintiffs' Complaint and therefore demands strict proof thereof.

2.　Admit.

3.　The allegations of paragraph 3 do not appear to be directed at this Defendant and therefore do not require a response.

4.　The allegations of paragraph 4 do not appear to be directed at this Defendant and therefore do not require a response.

5. The allegations of paragraph 5 do not appear to be directed at this Defendant and therefore do not require a response.

6. The allegations of paragraph 6 do not appear to be directed at this Defendant and therefore do not require a response.

7. The allegations of paragraph 7 do not appear to be directed at this Defendant and therefore do not require a response.

8. The allegations of paragraph 8 do not appear to be directed at this Defendant and therefore do not require a response.

9. The Defendant is without sufficient information to admit or deny the allegations of paragraph 9 of the Plaintiffs' Complaint and therefore demands strict proof thereof.

10. The Defendant admits that Thornton was followed from the Lowe's Home Centers, Inc. parking lot as a result of theft of merchandise. Upon information and belief, the remaining allegations of paragraph 10 are admitted.

11. The Defendant admits that Thornton had shoplifted items from Lowe's Home Centers, Inc., the remaining allegations of paragraph 11 do not appear to be directed at this Defendant and therefore do not require a response. To the extent that these allegations are directed at this Defendant, the same are denied.

12. The allegations of paragraph 12 do not appear to be directed at this Defendant and therefore do not require a response.

13. The allegations of paragraph 13 seek a legal conclusion and therefore do not require a response. To the extent that paragraph 13 makes any factual allegation against this Defendant, the same is denied.

14. Denied.

15. Denied.

16. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

17. With respect to this Defendant, denied.

18. Denied.

19. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

20. Denied.

21. Denied.

22. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

23. Denied.

24. Denied.

25. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

26. Denied.

27. Denied.

28. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

29. The allegations of paragraph 29 do not appear to be directed at this Defendant and therefore do not require a response.

30. The allegations of paragraph 30 do not appear to be directed at this Defendant and therefore do not require a response.

31. The allegations of paragraph 31 do not appear to be directed at this Defendant and therefore do not require a response.

32. The allegations of paragraph 32 do not appear to be directed at this Defendant and therefore do not require a response.

## DEFENSES

### FIRST DEFENSE

The Defendant pleads not guilty.

### SECOND DEFENSE

The Defendant denies each and every material averment of Plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

## FOURTH DEFENSE

The Defendant denies that they are guilty of any negligent/wanton/reckless conduct on the occasion complained of and further denies that any negligent/wanton/reckless conduct on its part proximately caused or proximately contributed to cause the Plaintiff's alleged damages.

## FIFTH DEFENSE

The Defendant avers that the Plaintiff's alleged injuries and damages were proximately or solely caused by the actions and/or omissions of someone other than this Defendant and over whom this Defendant possesses no right of supervision or control and for whose acts this Defendant is not legally responsible.

## SIXTH DEFENSE

The Defendant denies that the Plaintiff was damaged to the extent claimed and demands strict proof thereof.

## SEVENTH DEFENSE

The Defendant avers that the applicable statute of limitations bars some or all of the Plaintiff's claims.

## EIGHTH DEFENSE

The Defendant avers improper venue.

## NINTH DEFENSE

The Defendant avers insufficiency of process.

## TENTH DEFENSE

The Defendant avers insufficiency of service of process.

## ELEVENTH DEFENSE

The Defendant avers contributory negligence.

## TWELFTH DEFENSE

The Defendant pleads the Last Clear Chance Doctrine.

## THIRTEENTH DEFENSE

The Defendant pleads that some or all of the plaintiffs' damages have been paid by a collateral source.

## FOURTEENTH DEFENSE

The Defendant aver that the Plaintiff has failed to join one or more necessary parties who are necessary parties to this lawsuit.

## FIFTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of Alabama.

## SIXTEENTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### SEVENTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### EIGHTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the defendant under the Constitution of the United States of America.

### NINETEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTIETH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process

of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-FIRST DEFENSE

The Defendant aver that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal Defendants.

## TWENTY-SECOND DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWENTY-FOURTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eight Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eight Amendment to the United States Constitution.

### TWENTY-FIFTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

### TWENTY-SIXTH DEFENSE

The Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following separate and several grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil Defendants upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award against the defendant,

which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedure pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## TWENTY-SEVENTH DEFENSE

The Plaintiff's claim for punitive damages violates the Dues Process Clause of Article 1, Section 6 of the Constitution of Alabama on the following separate and several grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendants;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

(e) The award of punitive damages in this case would constitute deprivation of property without due process of law;

(f) The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

(g) The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages; and

(h)     The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

### TWENTY-EIGHTH DEFENSE

The Defendant pleads that the Plaintiffs' injuries were caused by an intervening criminal act.

### TWENTY-NINTH DEFENSE

The Defendant pleads that the Plaintiffs' injuries were caused by an efficient intervening cause.

### THIRTIETH DEFENSE

The Defendant hereby adopts each and every defense pled by any other Defendant in this action.

### THIRTY-FIRST DEFENSE

The Defendant reserves the right to plead any additional defenses that may be discovered throughout the course of discovery in this case.

Respectfully submitted,

JOSEPH E. STOTT (ASB-4163-T71J)
Attorney for Defendant Lowe's Home Centers, Inc.

OF COUNSEL:

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675 - Telephone
(205) 967-7563 - Facsimile
jstott@sssandf.com - Email

## CERTIFICATE OF SERVICE

I hereby certify that I have on April 9, 2007 served a copy of the foregoing on the following attorneys of record via Alafile Efile and/or by placing a copy of same in the U.S. Mail:

Jason E. Gammons, Esq.
Mark M. Hogewood, Esq.
Wallace, Jordan, Ratliff & Brandt, LLC
Post Office Box 530910
Birmingham, AL 35253

Celest Patton Armstrong, Esq.
Varner & Associates
Suite 200, 2600 Meadow Brook Street
2600 Corporate Drive
Birmingham, AL 35242

Mr. Shawn Dee Thornton
407 Green Ridge Road
Montgomery, AL 36109

_____
OF COUNSEL